UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARBEL ASMAR; ANTOINE ASMAR; SIHAM KHALIL,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY; AND DOES 1-20, INCLUSIVE,<br><br>Defendants. | No. 1:19-cv-01810-HBK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SEAL AND DIRECTING CLERK TO MAINTAIN VIDEO EVIDENCE UNDER SEAL FURTHER TO 1/25/20 STIPULATED PROTECTIVE ORDER<br><br>(Doc. No. 20) |

Pending before the Court is Defendant BNSF Railway Company's motion to seal, with supporting points and authorities and declaration of Jeremy J. Schroeder, Esq. in support filed on November 18, 2020. (Doc. Nos. 20, 20-1, 20-2). The court has not received Plaintiff's notice of opposition. Local Rule 141(d). This matter is ripe for review.

This action is a wrongful death claim pursed by the decedent's family involving a train verses a pedestrian accident. *See generally* Complaint, Doc. 1-1. Defendant seeks to seal a locomotive video, which is attached as Exhibit G to the declaration of James Hintz, supporting Defendant's Motion for Summary Judgment. Doc. 20. The video captured the accident. *Id.*

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents[,]" but the right is not absolute. *Kamakana v. City and*

*County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (other citations omitted). Grand jury transcripts and warrant materials in connection with a pre-indictment investigation traditionally have been kept secret for important public policy reasons. *Id.* A party wishing to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting a "compelling reasons" standard.[1] *Id.* (other citations omitted); *see also Bangert v. County of Placer*, Case No. 2:17-cv-1667 (E.D. Ca. Jan. 29, 2019), 2019 WL 358518 *6 (E.D. Ca. 2019) (other citations omitted) (recognizing both standards of review for documents supporting dispositive and non-dispositive motions and applying same). These compelling reasons must be supported by specific factual findings. *Kamakana*, 447 at 1178.

The court must then balance the competing interests of the public and the party who seeks to keep certain judicial records secret. *Id.* (other citations omitted). If the court decides to seal certain judicial records, it must base its decision on compelling reason and articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Id.* (other citations omitted). *See also* Local Rule 141(b) (providing requests to seal shall: (1) set forth the statutory or other authority for sealing; (2) requested duration; (3) the identity, by name and category, of persons to be permitted to access to the documents; and (4) all other relevant information). The following balancing factors to be considered by a court include whether:

> (1) disclosure will violate any privacy interests; (2) the information is being sought for a legitimate purpose or for an improper purpose; (3) disclosure of the information will cause a party embracement; (4) confidentiality is being sought over information important to public health and safety; (5) sharing of information among litigations will promote fairness and efficiency; a party benefitting form the order of confidentiality is a public entity or official; (6) the case involves

---

[1] The Ninth circuit has carved out an exception to the compelling interests standard when a party seeks to seal a document attached to a non-dispositive motion, instead applying a "good cause" standard of review. *Kamakana*, 447 F.3d at 1179 (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 113 (9th Cir. 2002)). The good cause standard is inapplicable here because the video at issue is attached to a motion for summary judgment.

important issues to the public.

*Bangert*, 2019 WL 358518 *2 (citations omitted)

Upon the Court's independent review of the video and having received no objection from decedent's family, the Court finds an interest in sealing the video depicting the decedent's last moments of life outweighs the public interest. Plaintiff has had an opportunity to view the video. Privacy interests in such a depiction override public disclosure. The video contains images subject to a stipulated protective order agreed to on January 25, 2020, which govern this case. *See* Doc. Nos. 10, 11. Sealing the video is necessary to prevent harm and prejudice to the parties. Sealing the locomotive video is narrowly tailored in that it only relates to the subject video and images from the video. There are no less restrictive means to maintain the video as confidential while at the same time using it for the purpose of a motion for summary judgment. Finally, the case involves a private cause of action for wrongful death.

**Accordingly:**

1. Defendant's motion to seal (Doc. No. 20) is **GRANTED.**

2. The Clerk shall maintain the video under seal pursuant to the parties Stipulated Protective Order (Doc. No. 10).

IT IS SO ORDERED.

Dated:   January 6, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE